## Cleversy v. Denver and Ephrata Telephone and Telegraph Company

*R. S. Trigg,* for plaintiff.
*Hartman, Underhill & Brubaker,* for defendant.
*Jean Graybill, Assistant Attorney General,* for Pennsylvania Dept. of Public Welfare.

BUCKWALTER, *J.*, May 1, 1980—Now before the court is a request for an in camera inspection of the Public Assistance file of Robert R. Cleversy and Sara R. Cleversy, hereinafter referred to as plaintiffs. This request emanated from a controversy between plaintiffs and Denver and Ephrata Telephone and Telegraph Company and Pennsylvania Power and Light Company, defendants, arising from an accident occurring on July 8, 1978. On that date Robert Cleversy allegedly sustained a herniated spinal disc as a result of being thrown to the ground by the force of a shock he received upon touching a telephone booth.

On November 9, 1979 Denver and Ephrata Telephone and Telegraph Company, hereinafter referred to as petitioner, issued a subpoena duces tecum addressed to the Custodian of Records of the Lancaster County Board of Assistance, requesting all documents relating to the application of plaintiffs for public and/or medical assistance.

The custodian of records refused to honor the subpoena without a court order and petitioner filed a petition for the issuance of a rule to show cause. A hearing was held on Friday, April 11, 1980.

The Pennsylvania Department of Public Welfare has filed a brief in opposition to disclosure of the requested records and counsel for the department appeared at the hearing. The main arguments presented by the department and plaintiffs are that 1) Disclosure of plaintiffs' files would violate both Federal and state law; and 2) The requested relevant materials can be obtained elsewhere.

Federal regulations found at 45 C.F.R. §205.50 provide guidelines for the formulation of state plans prohibiting disclosure of information concerning public assistance benefits. Section 404 of the Pub-

lic Welfare Code of June 13, 1967, P.L. 31, as amended, 62 P.S. §404, provides that:

"(a) The department shall have the power to make and enforce regulations: (1) To protect the names of applicants for and recipients of public assistance from improper publication, and to restrict the use of information furnished to other agencies or persons to purposes connected with the administration of public assistance. Upon request by any adult resident of the Commonwealth the department may furnish the address and amount of assistance with respect to persons about whom inquiry is made; but, information so obtained shall not be used for commercial or political purposes; and, no information shall be furnished regarding any person's application for, or receipt of, medical assistance. (2) To protect the rights and interests of persons about whom personal or confidential information is in its possession. (b) The regulations shall not prevent or interfere with investigations by proper authorities as to the rights of persons to receive assistance or as to the amounts of assistance received." However, the regulations found at 55 Pa. Code §105.4(3) clearly provide for the disclosure of information on a proper judicial order.

The question presented to this court is somewhat unique. Apparently the case law in this area evidences a tendency to determine disclosure questions on a factual basis.

The leading case interpreting the Pennsylvania disclosure law is McMullan v. Wohlgemuth, 453 Pa. 147, 308 A. 2d 888 (1973). That case involved a request by the Philadelphia Inquirer for permission to examine and inspect departmental lists containing the names and addresses of and amounts re-

ceived by Philadelphia public assistance recipients. Obviously the questions involved in that case were not similar to those presently before the court. Nevertheless, in the McMullan decision the Supreme Court did provide us with some insights into their interpretation of what interest the Welfare Disclosure Laws were aimed at protecting. Justice Roberts reasoned that: "The Legislature, by enacting §§404(a)(1) and 425 of the Public Welfare Code, supra, has clearly set forth its intent that maintaining the privacy of the recipient is a crucial element in its quest to preserve 'family life,' and 'encourage self-respect, self-dependency and the desire to be a good citizen and useful to society.'" McMullan, supra, at 164-65, 308 A. 2d at 897. It is also interesting to note that the majority in the McMullan case felt that the effect disclosure would have upon an individual's reputation was an equally persuasive argument for denying access to public assistance rolls: McMullan, supra, at 160, fn. 8, 308 A. 2d at 895, fn. 8. Neither of these elements are present in this case.

By instituting this action plaintiffs have put Mr. Cleversy's medical history in issue. Additionally, plaintiffs have evidenced that they recognized the necessity of allowing disclosure of confidential medical information, in that Mr. Cleversy signed a release stating that,

"TO WHOM IT MAY CONCERN:
"I hereby request and authorize you to furnish to Hartman, Underhill & Brubaker or its representative, any and all information you may have concerning Robert R. Cleversy with respect to any illness or injury, medical history, consultation, prescriptions or treatment, including x-ray plates and

copies of all hospital or medical records, Military or *other Government records* and Naturalization records included. I further request and authorize employers to furnish complete information concerning wages, commissions, etc. and information concerning job classifications, duties, etc. including lost time and earnings. A photostatic copy of this authorization shall be considered as effective and valid as the original." (Emphasis supplied.)

Clearly, then, plaintiffs cannot be heard to complain that their reputation or privacy will be infringed upon by disclosure of the requested records.

This court has recently addressed the issue of disclosure of public assistance records for an in camera inspection in the course of a paternity suit. See Spangler v. Spangler, 66 Lanc. 439 (1978). In that case Judge Mueller ruled that inspection was necessary where the records were allegedly relevant to paternity, paternity was inherently difficult to prove, and admission of records was consistent with a policy of cooperation in obtaining support. Several of these factors "compelling disclosure" are present in this action.

We have reviewed the pleadings and it is quite clear that the requested records hold relevant information. It is equally clear that this information may prove instrumental in determining the issues of injuries or medical conditions which existed prior to the condition complained of. In this respect we cannot rule that a decision restricting disclosure would be harmless to the defendant. See Argo v. Goodstein, 438 Pa. 468, 265 A. 2d 783 (1970).

Finally plaintiff and the Department of Public Welfare argue that any relevant information contained in these records could be obtained else-

where. After a careful review of the pleadings we cannot state unequivocally that this requested information can only be found in the subpoenaed records. However, we are clear in our conviction that the interests sought to be protected by the disclosure law are not present in this case. Furthermore, fundamental concepts of fair play dictate that all events and occurrences relevant to a cause of action should be available to the ultimate trier of that action to insure that a just result under all the facts is obtained. Therefore, in the interest of justice we will allow an in camera inspection of plaintiff's public assistance records.

## ORDER

And now, May 1, 1980, the Custodian of Records for the Lancaster County Board of Assistance, Department of Public Welfare, Commonwealth of Pennsylvania, is directed to produce before the undersigned, in his chambers on May 8, 1980 at 4:00 p.m., all documents relating to the application of plaintiffs for public assistance. The purpose of this order is to enable the court to examine, in camera, the documents produced and to permit copies of relevant documents to be given to counsel for defendant, Denver and Ephrata Telephone and Telegraph Company. The persons who may be present at the time and place aforesaid, in addition to the custodian of records, are other representatives from the Lancaster County Board of Assistance, including its legal counsel.